UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| VENDETTA J. SALLIE, | ) |
| *Plaintiff*, | ) |
| v. | ) No.: 3:13-cv-693-PLR-HBG |
| THE ACADIA VILLAGE, et al., | ) |
| *Defendants*. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Vendetta J. Sallie ("Ms. Sallie") filed a state-court complaint alleging racial discrimination in the employment and workplace practices of Defendant Village Behavioral Health, LLC ("VBH")[1] in violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq.* Defendants have removed to this Court and moved to dismiss the claims on the grounds that Ms. Sallie has failed to state a claim for which relief can be granted, that Title VII does not provide for individual liability, and that she has failed to serve several Defendants with the Summons and Complaint.

### **I. Background**

Ms. Sallie worked for VBH from July 2010 through April 2012 during which she contends she experienced mistreatment by her coworkers and supervisors on several occasions. First, Ms. Sallie alleges that Defendant Austin harassed her, [Docket No. 1, Page ID 6, 12, 21], and discriminated against her. [*Id.*, Page ID 13, 21]. She also claims Defendant Sherrer refused

---

[1] Although identified as "The Acadia Village" in the Complaint, VBH is actually named Village Behavioral Health, LLC. [Docket No. 1, pageID 1].

to hire her to perform "the dietary job" because of her race. [*Id.*, Page ID 12, 13]. Finally, she alleges discrimination against her by all named Defendants. [*Id.*, Page ID 48–50].

VBH terminated Ms. Sallie's employment on April 16, 2012, and filed a notice with the Tennessee Department of Labor the same day. [*Id.*, Page ID 11]. On October 12, 2012, Ms. Sallie filed claims with the Tennessee Human Rights Commission and the United States Equal Employment Opportunity Commission, [*Id.*, Page ID 8], neither of whom found any discrimination by Defendants. [*Id.*, Page ID 41, 44]. On October 8, 2013, Ms. Sallie filed this discrimination action against Defendants in Blount County Circuit Court. [*Id.*, Page ID 6]. Ms. Sallie served the summons and Complaint on Defendants Austin, Campbell, and Jones, but failed to serve Defendants VBH, Caster, and Smith. On November 21, Defendants removed this case to the Eastern District of Tennessee, moved to dismiss. [*Id.*]. Ms. Sallie filed a response on May 23 of this year. [Docket. No. 11].

## II. Standard of Review

Defendants have moved for dismissal of Ms. Sallie's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging Ms. Sallie has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When determining the sufficiency of the complaint against a motion to dismiss under this Rule, the court must accept as true all facts alleged in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court is not required to accept as true any proffered legal conclusions. *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A motion to dismiss under Rule 12(b)(6) must be denied where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conversely, dismissal

under this Rule "is proper when there is no set of facts that would allow the plaintiff to recover." *Carter v. Cornwell*, 983 F.2d 52, 54, *rehearing denied* (6th Cir. 1993); *see also Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."). In the context of *pro se* litigants, the Court provides "the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see also Erickson v. Pardus*, 551 U.S. 89 (2007).

### III. Discussion

The Court follows the dual-prong approach established by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in measuring the sufficiency of a complaint's allegations in the context of a Rule 12(b)(6) motion. First, we must look to the complaint, separating its factual allegations from its mere legal conclusions, and then provide the former with a "presumption of truth." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 444 (6th Cir. 2012) (citing *Iqbal*, 556 U.S. at 680). Next, we must "consider the allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* (internal quotation marks omitted) (citing *Iqbal*, 556 U.S. at 681).

The core of Ms. Sallie's claim appears to derive from 42 U.S.C. § 2000e-2(a)(1), stating in relevant part "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual . . . because of such individual's race." With this in mind, we look to assertions in the Complaint which may have a nexus with this claim. First, Ms. Sallie claims that her supervisor "did not want to hire me because I'm black," [Docket No. 1, Page ID 12], and reiterates this on the next page. [*Id.*, Page ID 13]. Ms. Sallie additionally claims that her coworker "discriminated" against her. [*Id.*, Page ID 21]. These conclusory allegations cannot

serve as a factual basis for her claims. *See, e.g.*, *Coker v. Summit County Sheriff's Department*, 90 F. App'x 782 (6th Cir. 2003) (holding as conclusory "Defendants filed or cause to be filed such affidavit/charges out of malice, hatred and ill will toward Plaintiff, and because of his race, black" and dismissing on Rule 12(b)(6) grounds); *Han v. University of Dayton*, 541 F. App'x 622 (6th Cir. 2013) (finding the defendant's statements that his poor performance evaluation and ultimate termination were the result of racial and gender discrimination to be conclusory rather than factual). Like the allegations in *Coker* and *Han*, Ms. Sallie's allegations do not constitute factual statements, but rather are mere conclusory assertions.

Because Ms. Sallie's Complaint contains no factual allegations of unlawful race-based discrimination by an employer, her Complaint fails *Iqbal*'s second prong. *See Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673 (6th Cir. 2011) (reversing district court for accepting plaintiff's legal conclusions which were without supporting factual allegations). Accordingly, her complaint will be dismissed.

Defendants alternatively move for dismissal on the grounds that Title VII does not apply against individuals and that Ms. Sallie has failed to serve process on VBH, Smith, and Caster; however, because the Court found her Complaint fails to state a claim for which relief can be granted, it is unnecessary for the Court to address these alternative arguments.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss, [Docket No. 3], is **GRANTED**, and Ms. Sallie's Complaint, [Docket No. 1, Page ID 6], is **DISMISSED**.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE